# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JERMAINE DUANE IRVIN-BEY**                                                    **PLAINTIFF**
Reg. #45966-177

v.                             No: 2:23-cv-00245-JM-PSH

**G. SMITH,** *et al.*                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jermaine Duane Irvin-Bey filed a *pro se* complaint on December 22, 2023, while incarcerated at the Forrest City Medium Federal Correctional Institution (Doc. No. 1). He subsequently filed an amended complaint (Doc. No. 3). Irvin-Bey has been granted leave to proceed *in forma pauperis* (Doc. No. 10). Having

reviewed Irvin-Bey's complaint and amended complaint, the Court recommends that his claims be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *See Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry,* 364 F.3d 912 (8th Cir. 2004)).

## II. Analysis

Irvin-Bey alleges that on November 26, 2023, Officer G. Smith said to him, "I'll slap you and put my dick in your mouth." Doc. No. 1 at 4. Irvin-Bey alleges

that he filed a PREA[1] complaint regarding Smith's statement, but was later coerced into recanting the complaint by Captain E. Baez who indicated he might face time in "lock-up" (segregating housing) if he did not. *Id.* at 5-6. In his amended complaint, Irvin-Bey makes the same allegations, but also alleges that Smith violated prison policies and that Warden Garrett failed to train his subordinates. Doc. No. 3 at 1-4. Irvin-Bey further claims that he suffered "long-term mental and emotional injuries." *Id.* at 4-5.

The nature of Irvin-Bey's claims are not entirely clear. His initial filing appears to be a copy of a claim brought under the Federal Tort Claims Act ("FTCA") along with an "Affidavit of Truth" written by Irvin-Bey in which he states he is bringing a tort claim. Doc. No. 1 at 2-6. In his amended complaint, however, he indicates that he is suing federal officials under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). *See* Doc. No. 3 at 4. Nevertheless, whether he brings this lawsuit under the FTCA, *Bivens*, or both, he fails to state a claim upon which relief may be granted for the reasons described below.

**FTCA.** To the extent Irvin-Bey attempts to describe a state law tort claim, it must be brought under the FTCA because an inmate's *only* remedy for tort claims against federal employees is an FTCA suit against the United States. *See Brown v.*

---

[1] PREA refers to the Prison Rape Elimination Act of 2003.

*Armstrong,* 949 F.2d 1007, 1013 (8th Cir. 1991) ("[B]ecause the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States under § 2680, it is not available at all."). The FTCA is a limited waiver of sovereign immunity and permits lawsuits against the United States "for injury or loss of property, or personal injury or death" caused by the negligence "of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). This waiver is subject to certain procedural requirements and exceptions.

One such exception is the physical injury exception. 28 U.S.C. § 1346(b)(2). Section 1346(b)(2) provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

28 U.S.C. § 1346. *See also Michtavi v. United States*, 345 F. Appx 727, 729–30 (3d Cir. 2009) (claims of "pain and suffering" and "mental and emotional distress" are not sufficient to establish injury under the Act); *Shah v. USA*, No. 4:15-CV-00161 SWW/BD, 2015 WL 7753846, at *2 (E.D. Ark. Oct. 14, 2015), report and recommendation adopted, No. 4:15-CV-00161 SWW/BD, 2015 WL 7756100 (E.D. Ark. Dec. 1, 2015) (FTCA claims dismissed where plaintiff alleged "pain of body

and mind"); *Piker United States*, No. 2:15CV00183-JLH-JTK, 2017 WL 3446544, at *3 (E.D. Ark. July 19, 2017), *report and recommendation adopted sub nom.*, No. 2:15CV00183-JLH-JTK, 2017 WL 3444697 (E.D. Ark. Aug. 10, 2017) (Plaintiff could not prevail on FTCA claim where he reported no physical injuries other than injury to his mental health)).

Irvin-Bey does not allege any physical injury, but instead asserts that he suffered mental and emotional damage. Although he alleges that Smith threatened him with a sexual act, the conduct he describes does not meet the definition of a sexual act for purposes of the FTCA. Pursuant to 18 U.S.C. § 2246, the term "sexual act" means

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; . . .

18 U.S.C. § 2246(2).

In sum, Irvin-Bey cannot sue the United States under the FTCA based on an allegation that an officer threatened him with violence and/or a sexual act, where he suffered no actual physical injury and where no sexual act took place. His complaints regarding Baez or Garrett also fail because he describes no physical injury as a result of their alleged actions. Accordingly, to the extent Irvin-Bey attempts to state a claim against the United States under the FTCA, he fails to do so, and any such claim should be dismissed.

**Bivens.** A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). The *Bivens* remedy has not been extended to every constitutional claim, and the Supreme Court has expressed its unwillingness to extend it to any new contexts.[2] *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017).

---

[2] In *Ziglar*, the Supreme Court observed that it has recognized only three *Bivens* claims, including the claim in *Bivens* itself: (1) a Fourth Amendment claim against federal agents who violated the prohibition against unreasonable searches and seizures when they handcuffed a man in his own home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment substantive due process claim against a Congressman for firing his female administrative assistant, which was an alleged act of gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma, purportedly resulting in his death, *Carlson v. Green*, 446 U.S. 14 (1980). 137 S. Ct. at 1854-55, 1860. Since *Carlson*, in every case where the issue was before it, the

Irvin-Bey does not describe the capacity in which he sues the officers he names in his complaint and amended complaint (*i.e.*, Smith, Baez, or Garrett). To the extent he sues them in their official capacities, his claims are barred by sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). To the extent he sues them in their individual capacities, his *Bivens* claims fail for the reasons described below.

With respect to the statement allegedly made by Smith, insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable). And while sexual harassment or abuse of an inmate "may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment . . . harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain." *Philmlee v. Byrd*, No. 4:10cv00221-BSM-HDY, 2010 WL 6549829, at *3 (E.D. Ark), report and recommendation adopted, 2011 WL 1542655 (E.D. Ark.), citing *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000).

---

Supreme Court has "refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

Additionally, the violation of prison policies or procedures does not equate a violation of an inmate's constitutional rights. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); *see also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Finally, to the extent Irvin-Bey attempts to state a retaliation claim against Baez for allegedly coercing him to recant his PREA complaint, the Supreme Court recently held that there is "no *Bivens* action for First Amendment retaliation." *Egbert v. Boule,* 596 U.S. 482, 499 (2022).

For these reasons, Irvin-Bey's *Bivens* claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Irvin-Bey's complaint and amended complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in

good faith.

    IT IS SO RECOMMENDED this 22nd day of April, 2024.

                                                                      _____
                                                             UNITED STATES MAGISTRATE JUDGE